UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUNTER REMONDET                                         CIVIL ACTION

VERSUS                                                  NO. 13-0041

LIFE INSURANCE COMPANY                                  SECTION "C" (1)
OF NORTH AMERICA

## ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4. Before the Court are memorandum by the parties on this issue. Rec. Docs. 7, 8. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447©.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of

1

the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In this matter, the plaintiff alleged that he was entitled to payment of an accidental death benefit of $73,000 as the beneficiary. Rec. Doc. 1, Exh. 1. He filed this suit on December 3, 2012 in the 40th Judicial District Court, Parish of St. John the Baptist. *Id.* In plaintiff's petition, he makes no claim for interest or imposition of the statutory penalty. *Id.* In response to the Court's order that: "A copy of the proof of loss shall be provided, along with affirmative proof as to the amount of loss," (Rec. Doc. 4), defendant provided an affidavit from Michael James, a Senior Operations Representative, a copy of the "Group Accident Policy," and a copy of the Proof of Loss form submitted the Plaintiff. Rec. Doc. 8. The affidavit declared that "the payment of the Principal Sum is an all or nothing proposition," or in other words, that if the plaintiff were to win this suit, he would be entitled to the entire $73,000. Rec. Doc. 8. Defendant has not demonstrated affirmative proof that amount in controversy exceeds $75,000.

Defendant argues, without affirmative proof, that there is a statutory provision that would entitle plaintiff to interest in the form of a penalty, which would make the amount in controversy slightly exceed $75,000. La. R.S. § 22.1821. Defendant sites to *Buras v. Birmingham Fire Ins. Co.*

*of Pennsylvania*, 327 F.2d 238 (5th Cir. 1964) to assert that this penalty may be taken into account when determining the amount in controversy. However, in *Buras*, the Court found that the penalty was applicable because it was demanded by the plaintiff in the complaint. *Id.*, 239. *See also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (also requiring the additional penalty be plead in plaintiff's compliant). In this case, the plaintiff did not make such a demand in his complaint. Rec. Doc. 1, Exh. 1. Plaintiff only demands $73,000. *Id.*

The Court does not find that the jurisdictional minimum is met. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739. Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 29th day of January, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**